| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Kristin Conwell, Trustee | **DEFENDANTS**<br>Victoria Zadeh |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Stone, Leyton & Gershman, 7733 Forsyth Blvd., Suite 500, St. Louis, Missouri 63105 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Avoid and/or Recover Preferential Transfer and/or Fraudulent Conveyance, 11 U.S.C. Sec. 544, 547, 548, 550

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
[3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 700,000.00 |

Other Relief Sought

(L.F. 18 Rev. 06/08)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Guilan Norouzi | BANKRUPTCY CASE NO.<br>16-44742 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Missouri | DIVISION OFFICE<br>St. Louis | NAME OF JUDGE<br>Charles E. Rendlen III | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>Stone, Leyton & Gershman, A Professional Corporation<br>By: _____<br>E. Rebecca Case | | | |
| DATE<br>February 2, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>E. Rebecca Case, Attorney for Kristin Conwell, Trustee | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

(L.F. 18 Rev. 06/08)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 16-44742-705 |
| | ) Honorable Charles E. Rendlen, III |
| | ) Chapter 7 |
| GUILAN NOROUZI, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| KRISTIN CONWELL, TRUSTEE, | ) |
| | ) Adversary Case No. _____ |
| Plaintiff, | ) Honorable _____ |
| | ) |
| v. | ) **ADVERSARY COMPLAINT TO** |
| | ) **AVOID AND RECOVER PREFERENTIAL** |
| VICTORIA ZADEH, | ) **TRANSFER AND/OR FRAUDULENT** |
| | ) **CONVEYANCE** |
| Defendant. | ) |

### ADVERSARY COMPLAINT TO AVOID AND/OR RECOVER PREFERENTIAL TRANSFER AND/OR FRAUDULENT CONVEYANCE

COMES NOW Kristin Conwell, Chapter 7 Trustee for the bankruptcy estate of Guilan Norouzi, by and through her undersigned counsel, and for her Adversary Complaint to Avoid and Recover Preferential Transfer and/or Fraudulent Conveyance (the "Complaint"), states to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §151, 157, and §1334 and Rule 9.01 of the Local Rules of the United States District Court, Eastern District of Missouri.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

3. This matter constitutes a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A), (E), (F), and (O), and this matter arises under Title 11 and in an individual Chapter 7 case

1

presently pending before the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division.

## PARTIES

4. Guilan Norouzi ("Debtor" or "Norouzi") filed her voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on or about July 1, 2016 (the "Petition Date").

5. Kristin Conwell ("Trustee") is the duly appointed and acting Chapter 7 Trustee for the Debtor's Chapter 7 bankruptcy case.

6. Victoria Zadeh ("Zadeh" or "Defendant Zadeh") is a resident of the State of Florida and the Debtor's cousin and Zadeh's husband is Jay Steinberg ("Steinberg") also a resident of the State of Florida.

7. The Debtor is a licensed dentist in the state of Missouri.

8. In 1999, Debtor Norouzi formed a professional corporation under the name "Guilan Norouzi D.D.S., PC". The name was subsequently modified in or about 2002 to St. Louis Center for Aesthetic & Restorative Dentistry-Guilan Norouzi, D.D.S., P.C. ("St. Louis Center").

9. Norouzi is the sole owner of St. Louis Center.

10. GNVZ, LC is a Missouri limited liability company ("GNVZ").

11. At its inception in 2001, the Debtor was the sole member of GNVZ.

12. Subsequently, in or about 2007, Defendant Zadeh became a fifty percent member in GNVZ.

13. At that point, the Debtor became a fifty percent member in GNVZ.

2

**Facts**

14. St. Louis Center currently occupies real estate located at 7934 North Lindbergh Boulevard, St. Louis, Missouri (the "Premises") and conducts its regular business operations at that site.

15. Defendant GNVZ owns the Premises.

16. On or about February 23, 2012, the Debtor and St. Louis Center commenced litigation against GNVZ, Steinberg and Defendant Zadeh in the action captioned "Petition of Plaintiffs, St. Louis Center for Aesthetic & Restorative Dentistry-Guilan Norouzi, D.D.S., P.C., Guilan Norouzi, and Guilan Norouzi for the Benefit of GNVZ, LC, against Defendants, Victoria Zadeh, Jay Steinberg and GNVZ, LC", case number 12SL-CC00646, in the Circuit Court for St. Louis County Missouri (the "State Court Litigation" in the "State Court").

17. On or about May 15, 2015, the State Court entered an interlocutory judgment against the Debtor and St. Louis Center in favor of Defendant Zadeh, Steinberg and GNVZ, that provided that (a) The Motion for Sanctions filed by Zadeh, Stenberg and GNVZ, LC was granted, (b) the Amended Petition of the Plaintiffs was dismissed with prejudice, (c) Interlocutory Judgment of Default was entered in favor of GNVZ, LC, Zadeh, and Steinberg, (d) Interlocutory Judgment of Default was entered against St. Louis Center and Guilan Norouzi .

18. Subsequently, on or about July 8, 2015, the State Court entered an Order of Judgment against Norouzi and St. Louis Center (the "State Court Judgment"). A duplicate of the State Court Judgment is attached hereto and designated as **"Exhibit 1"**.

19. The State Court Judgment gave:

   a. Defendant Zadeh and her husband, Jay Steinberg, a judgment against

3

      Debtor in the amount of $382,376.00;

  b. Defendant Zadeh and her husband, Jay Steinberg, a judgment against St. Louis Center in the amount of $131,698.00;

  c. Defendant Zadeh only a judgment against St. Louis Center in the amount of $815,687.00 and in the amount of $815,687 as punitive damages; and

  d. Defendant Zadeh only a judgment against Debtor and St. Louis Center in the amount of $28,000.00 and in the amount of $28,000.00 as punitive damages.

See **"Exhibit 1"**.

20. Thereafter, Defendant Zadeh acted to attempt to enforce the State Court Judgment against Norouzi and St. Louis Center.

21. As part of her enforcement actions, on February 25, 2016, Defendant Zadeh individually filed with the State Court a pleading captioned "Motion for Judgment Order of Execution" (the "Execution Motion"). A duplicate of the Execution Motion is attached hereto and designated as **"Exhibit 2"**.

22. The Execution Motion sought relief in the form of an execution against Norouzi for transfer of her membership interest in GNVZ to Defendant Zadeh. See **"Exhibit 2"**, at page 3.

23. On March 1, 2016, the State Court entered a document captioned Plaintiff Guilan Norouzi's Consent Judgment to Defendant Zadeh's Motion for a Judgment of Execution Against Guilan Norouzi's Interest in GNVZ, LC (the "March 1, 2016 Judgment"). A duplicate of the March 1, 2016 Judgment is attached hereto and designated as **"Exhibit 3"**.

4

24. The March 1, 2016 Judgment purported to grant Defendant Zadeh "a Judgment of Execution" (sic) against Norouzi for Norouzi's fifty percent interest in GNVZ. See **"Exhibit 3"**, at page 1.

25. The March 1, 2016 Judgment provided that Norouzi would not receive any credit against the Judgment for the transfer of her interest in GNVZ to Defendant Zadeh. See **"Exhibit 3"**, at page 2, paragraph 3.

26. The March 1, 2016 Judgment effected a transfer of the Debtor's membership interest in GNVZ to Defendant Zadeh (the "Transfer") for no consideration.

27. Since March 1, 2016, Defendant has acted as the sole member of GNVZ and has purported to take actions and make decisions on behalf of GNVZ.

28. Defendant Zadeh's actions on behalf of GNVZ have included, without limitation, the pledge of the Premises to one Dominick DeVivo in order to obtain funds used for unknown or unconfirmed purposes.

## COUNT I: AVOIDANCE OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547

29. Paragraphs 1 through 28 of this Complaint are incorporated into this Count of the Complaint by reference as if more fully set forth herein.

30. The Debtor's membership interest in GNVZ comprised the Debtor's property.

31. The Transfer of the Debtor's membership interest in GNVZ via or as a result of the March 1, 2016 Judgment to Defendant Zadeh comprised a transfer of the Debtor's interest in that property to Defendant Zadeh.

32. Defendant Zadeh and Steinberg became the Debtor's creditors in 2015 as a result of the State Court Judgment.

5

33. As of March 1, 2016, Defendant Zadeh and Steinberg remained creditors of the Debtor.

34. As of March 1, 2016, Defendant Zadeh was a creditor of the Debtor for or on account of the State Court Judgment, which came into existence before March 1, 2016 and thus comprised an antecedent debt as of March 1, 2016, when the Transfer occurred.

35. The Debtor was insolvent as of March 1, 2016 because at that time her liabilities exceeded her assets.

36. The Transfer occurred between ninety days and one year before the Petition Date.

37. The Transfer was made to Defendant Zadeh and for the benefit of Defendant Zadeh.

38. Again, Defendant Zadeh is the Debtor's cousin.

39. Defendant Zadeh comprises a relative and, thus, an insider of the Debtor under section 101(31)(A) of the Bankruptcy Code.

40. The Transfer to Defendant Zadeh enabled Defendant Zadeh to receive more on account of that transfer than she would receive from a hypothetical liquidation of Debtor's assets under Chapter 7 of the Bankruptcy Code.

WHEREFORE, Trustee prays that this Honorable Court make and enter judgment as to Count I of this Complaint in favor of the Trustee and against Defendant Zadeh; find that the Transfer was a preference pursuant to Section 547 of the Bankruptcy Code; avoid the Transfer as set forth hereinabove pursuant to Section 547 of the Code; and grant such other and further relief as the Court deems just and proper.

## COUNT II:  AVOIDANCE OF FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. § 548 AND MO. REV. STAT. § 428.024.1(2)

41. Paragraphs 1 through 40 of this Complaint are incorporated into this Count of the Complaint by reference as if more fully set forth herein.

42. The Transfer of the Debtor's membership interest in GNVZ to Defendant Zadeh via or as a result of the March 1, 2016 Judgment comprised a transfer of the Debtor's interest in that property to Defendant Zadeh.

43. The Debtor received no value for or as a result of the Transfer at the time it occurred.

44. The Debtor received no value for or as a result of the Transfer as stated in the March 1, 2016 Judgement.

45. The Debtor did not receive a reasonably equivalent value in exchange for the Transfer.

46. The Debtor was insolvent as of March 1, 2016 because at that time her liabilities exceeded her assets.

47. Alternatively, the Debtor became insolvent as a result of the Transfer.

48. At the time of the Transfer, the Debtor was engaged or was about to engage in a business or transaction for which her remaining assets were unreasonably small.

49. At the time of the Transfer, the Debtor believed or reasonably should have believed that she would incur debts beyond her ability to pay as they became due.

WHEREFORE, Trustee respectfully prays this Honorable Court enter judgment in favor of Trustee and against Defendant Zadeh avoiding and setting aside the Transfers as fraudulent

7

pursuant to Section 548 of the Bankruptcy Code, Mo. Rev. Stat. § 428.024.1(2) and 11 U.S.C. § 544(b); and for such other and further relief as may be just and proper.

### COUNT III: AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548 AND MO. REV. STAT. § 428.029.1

50. Paragraphs 1 through 49 of this Complaint are incorporated into this Count of the Complaint by reference as if more fully set forth herein.

51. The Transfer of the Debtor's membership interest in GNVZ to Defendant Zadeh via or as a result of the March 1, 2016 Judgment comprised a transfer of the Debtor's interest in that property to Defendant Zadeh.

52. The Debtor received no value for or as a result of the Transfer at the time it occurred.

53. The Debtor received no value for or as a result of the Transfer as stated in the March 1, 2016 Judgement.

54. The Debtor did not receive a reasonably equivalent value in exchange for the Transfer.

55. The Debtor was insolvent as of March 1, 2016 because at that time her liabilities exceeded her assets.

56. Alternatively, the Debtor became insolvent as a result of the Transfer.

WHEREFORE, Trustee respectfully prays this Honorable Court enter judgment in favor of Trustee and against Defendant Zadeh avoiding and setting aside the Transfer as fraudulent pursuant to Section 548 of the Bankruptcy Code, Mo. Rev. Stat. § 428.029.1 and 11 U.S.C. § 544(b); and for such other and further relief as may be just and proper.

## COUNT IV: AVOIDANCE OF FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. § 548 AND MO. REV. STAT. § 428.029.2

57. Paragraphs 1 through 56 of this Complaint are incorporated into this Count of the Complaint by reference as if more fully set forth herein.

58. The Transfer of the Debtor's membership interest in GNVZ to Defendant Zadeh via or as a result of the March 1, 2016 Judgment comprised a transfer of the Debtor's interest in that property to Defendant Zadeh.

59. As of March 1, 2016, Defendant Zadeh was a creditor of the Debtor's for or on account of the State Court Judgment, which came into existence before March 1, 2016 and thus comprised an antecedent debt as of March 1, 2016, when the Transfer occurred.

60. The Debtor was insolvent as of March 1, 2016 because at that time her liabilities exceeded her assets.

61. Defendant Zadeh had reasonable cause to believe that the Debtor was insolvent as of March 1, 2016.

62. Defendant Zadeh comprises a relative and, thus, an insider of the Debtor under section 101(31)(A) of the Bankruptcy Code and Mo. Rev. Stat. § 428.009(7)(a).

WHEREFORE, Trustee respectfully prays this Honorable Court enter judgment in favor of Trustee and against Defendant Zadeh avoiding and setting aside the Transfer as fraudulent pursuant to Section 548 of the Bankruptcy Code, Mo. Rev. Stat. § 428.029.2 and 11 U.S.C. § 544(b); and for such other and further relief as may be just and proper.

## COUNT V: RECOVERY OF AVOIDED TRANSFER
## PURSUANT TO 11 U.S.C. § 550

63. Paragraphs 1 through 62 of this Complaint are incorporated into this Count of the Complaint by reference as if more fully set forth herein.

9

64. Defendant Zadeh was the initial transferee of the Transfer.

65. Defendant Zadeh is the party for whose benefit the Transfer was made.

66. Defendant Zadeh was not a good faith transferee of the Transfer.

67. The Debtor received no value for or as a result of the Transfer at that time it occurred.

68. The Debtor received no value for or as a result of the Transfer as stated in the March 1, 2016 Judgment.

69. Defendant Zadeh possessed knowledge of Debtor's financial condition on the date of the Transfer.

70. Trustee seeks the avoidance of the Transfer pursuant to Section 547 of the Bankruptcy Code or, in the alternative, Section 548 of the Bankruptcy Code.

71. Pursuant to 11 U.S.C. § 544, 547, and 548, Trustee may avoid the Transfers under applicable Missouri law.

72. Pursuant to 11 U.S.C. § 550, the Trustee may recover for the benefit of the estate, the Debtor's membership interest in GNVZ or, alternatively, the value of that membership as of the date of the Transfer, from Defendant Zadeh.

WHEREFORE, Trustee prays that this Honorable Court make and enter judgment in favor of the Trustee and against Defendant Zadeh pursuant to Section 550 of the Bankruptcy Code; order the recovery and turnover of the Debtor's membership interest in GNVZ to the Trustee for the benefit of the bankruptcy estate or, alternatively, the recovery and turnover of the value of the Debtor's membership interest in GNVZ as of the date of the Transfer to the Trustee; and grant such other and further relief as may be just and proper.

Respectfully submitted,

STONE, LEYTON & GERSHMAN
A Professional Corporation

By: /s/ E. Rebecca Case
    E. Rebecca Case
    EDMO #38010MO, MO #38010
    7733 Forsyth Boulevard, Suite 500
    St. Louis, Missouri 63105
    (314) 721-7011
    (314) 721-8660 Facsimile
    erc@stoneleyton.com

*Attorneys for Chapter 7 Trustee*