# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DIVISION OF MISSOURI
## EASTERN DISTRICT

| | |
|---|---|
| In re: 79, 103, 160 ) | Case No. 16-44742-705 |
| ) | Judge Charles E. Rendlen III |
| GUILAN NOROUZI, ) | Chapter 7 |
| ) | |
| Debtor. ) | **ORDER APPROVING AMENDED** |
| ) | **COMPROMISE AND SETTLEMENT** |
| ) | **AGREEMENT WITH DEBTOR** |
| ) | **GUILAN NOROUZI AND ST. LOUIS** |
| ) | **CENTER FOR AESTHETIC &** |
| ) | **RESTORATIVE DENTISTRY -** |
| ) | **GUILAN NOROUZI, D.D.S., P.C.** |
| ) | |
| ) | **Hearing Adj. To Date:  October 31. 2017** |
| ) | **Hearing Adj. To Time: 9:30 a.m.** |

The Trustee's Motion to Approve the Compromise and Settlement Agreement with Debtor Guilan Norouzi and St. Louis Center for Aesthetic & Restorative Dentistry – Guilan Norouzi, D.D.S., P.C. ("Motion") (Doc. 136) filed by Chapter 7 Trustee, Kristin J. Conwell, in the above-entitled and numbered cause came on to be considered by this Court, along with the following objections thereto:  (1)  Objection of Creditor GNVZ, LC to Compromise and Settlement Agreement with Debtor Guilan Norouzi and St. Louis Center for Aesthetic & Restorative Dentistry Guilan Norouzi, D.D.S., P.C. ("GNVZ Objection") (Doc. 139); (2) Objection of Creditors, Mark D. Pasewark and Law Office of Mark D. Pasewark, LLC to Proposed Compromise and Settlement Agreement (the "Initial Pasewark Objection") (Doc. 140), Amended Objection of Creditors, Mark D. Pasewark and Law Office of Mark D. Pasewark, LLC, to Proposed Compromise and Settlement Agreement (the "Amended Pasewark Objection") (Doc. 159) and Second Amended Objection of Creditors, Mark D. Pasewark and Law Office of Mark D. Pasewark, LLC, to Proposed Compromise and Settlement Agreement (Doc. 163) (the "Second Pasewark Objection"; jointly with the Initial Pasewark Objection and the Amended

{14711/00000/2099078.DOC.}

Pasewark Objection, the "Pasewark Objections"); (3) Limited Objection to Motion to Approve Compromise and Settlement Agreement with Debtor Guilan Norouzi and St. Louis Center for Aesthetic & Restorative Dentistry – Guilan Norouzi, D.D.S., P.C. filed by BankUnited, N.A. ("BankUnited's Limited Objection") (Doc. 141); (4) Objection of A. Thomas DeWoskin and Danna McKitrick, P.C. to Proposed Compromise and Settlement ("DeWoskin Objection") (Doc. 142); and (5) Objections of Victoria Zadeh and Jay Steinberg to Trustee's Motion to Approve Compromise and Settlement Agreement with Debtor Guilan Norouzi and St. Louis Center for Aesthetic & Restorative Dentistry Guilan Norouzi, D.D.S., P.C. ("Zadeh/Steinberg Objection" (Doc. 143), collectively with the GNVZ Objection, the Pasewark Objections, BankUnited's Limited Objection, and the DeWoskin Objection, the "Objections"). After being advised in the premises, the parties to the Motion and the Objections prepared this Order and, after its review, in conjunction with review of the Motion and the Objections, and having considered all relevant facts of record, the Court finds as follows:

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§151, 157 and 1334, and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri.

2. This is a "core" proceeding pursuant to 28 U.S.C. §§157(b)(1) and 157(b)(2)(A).

3. Debtor Guilan Norouzi ("Debtor") filed a Voluntary Petition for Relief under the provisions of Chapter 7 of Title 11 on July 1, 2016.

4. Kristin J. Conwell is the duly appointed Chapter 7 Trustee of Debtor's bankruptcy estate (the "Trustee").

5. Debtor is the sole shareholder of St. Louis Center for Aesthetic & Restorative Dentistry – Guilan Norouzi, D.D.S., P.C ("STLCARD").

6.    Trustee Conwell, the Debtor and STLCARD originally entered into a Compromise and Settlement Agreement (the "Original Settlement Agreement"), a copy of which was attached to the Motion as Exhibit "1", to settle and resolve matters regarding the bankruptcy estate's interest in the following:

(a)    Legal Malpractice Claim against A. Thomas DeWoskin and the Law Firm of Danna McKitrick, P.C.;
(b)    Legal Malpractice Claim against Mark D. Pasewark and the law Office of Mark D. Pasewark, L.L.C.;
(c)    STLCARD;
(d)    Trustee's (First) Motion to Compel Turnover (Doc. No. 79);
(e)    Trustee's (Second) Motion to Compel Turnover (Doc. No. 103); and
(f)    Debtor's Interest in Iranian Real Property, Iranian Probate Estate of Monfared, Monfared's Canadian Assets and Iranian Partition Litigation.

7.    The Motion was filed with the Clerk of the Court on July 3, 2017 and served on the Debtor, the attorney for the Debtor, STLCARD, the attorney for STLCARD, the Office of the United States Trustee ("OUST"), all creditors and parties in interest that have filed a Notice of Appearance and Request for Copies in the above-captioned matter and all creditors and parties in interest listed on the Debtor's Matrix.

8.    The Notice of Motion to Approve Compromise and Settlement Agreement with Debtor Guilan Norouzi and St. Louis Center for Aesthetic & Restorative Dentistry Guilan Norouzi, D.D.S., P.C. ("Notice") (Doc. 137) was filed with the Clerk of the Court on July 3, 2017 and served on the Debtor, the attorney for the Debtor, STLCARD, the attorney for STLCARD, the OUST, all creditors and parties in interest that have filed a Notice of Appearance and Request for Copies in the above-captioned matter and all creditors and parties in interest listed on the Debtor's Matrix as certified in the Certificate of Service contained in the Notice.

9.    The deadline for the filing of objections to the Motion was July 18, 2017 and the hearing on the Motion originally was scheduled to be conducted on July 25, 2017.

10. The following objections to the Motion were timely filed: (1) GNVZ Objection (Doc. 139); (2) Pasewark Objection (Doc. 140); (3) BankUnited's Limited Objection (Doc. 141); (4) DeWoskin Objection (Doc. 142); and (5) Zadeh/Steinberg Objection (Doc. 143) (again, collectively the "Objections").

11. The hearing on the Motion and the Objections was continued from July 25, 2017 to August 24, 2017 by agreement of the parties.

12. The Court heard the Motion and the Objections on August 24, 2017 and continued the hearing to September 19, 2017 to give the parties an opportunity to prepare, circulate and submit a proposed Order approving the Motion and resolving the Objections or to file and serve an amended Motion, notice or other pleading or document as applicable.

13. On September 19, 2017, the Court conducted an additional hearing on the Motion and the Objections and continued the hearing to October 3, 2017.

14. On October 2, 2017, Mark D. Pasewark and Law Office of Mark D. Pasewark, LLC filed the Amended Pasewark Objection with regard to the Motion.

15. Thereafter, and without opposition of the parties to this matter, the Court continued the hearing on the Motion further to October 31, 2017 in order to permit the Trustee to notice out an Amended Settlement Agreement.

16. On October 10, 2017, the Trustee filed (a) an Amended Exhibit "1", Amended Compromise and Settlement Agreement with Debtor Guilan Norouzi and St. Louis Center for Aesthetic & Restorative Dentistry – Guilan Norouzi, D.D.S., P.C. (the "Amended Settlement Agreement") (Doc. 160) and (b) a Notice of Filing of Amended Compromise and Settlement Agreement with the Amended Exhibit "1" attached (Doc.161) that noticed out a deadline for parties to respond or object to the Amended Settlement Agreement and the October 31, 2017

hearing regarding the Motion, with an included Certificate of Service showing service of that Notice on the parties listed therein, including, without limitation, the parties pursuing the Objections.

17. On October 24, 2017, Mark D. Pasewark and Law Office of Mark D. Pasewark, LLC filed the Second Pasewark Objection with regard to the Motion and the Amended Settlement Agreement.

18. On October 30, 2017, the Debtor filed her Response to the Second Pasewark Objection (Doc. 164).

19. On October 31, 2017, parties appeared for hearing regarding the Motion and the Amended Settlement Agreement. At hearing, and after announcement, it was made of record that the objections to the Motion by GNVZ, LC, Victoria Zadeh and Jay Steinberg, and BankUnited had been resolved by the Amended Settlement Agreement. This left A. Thomas DeWoskin and Danna McKitrick, P.C. and Mark D. Pasewark and the Law Office of Mark D. Pasewark, LLC as the only remaining parties objecting to the Motion.

20. Neither A. Thomas DeWoskin nor Danna McKitrick, P.C. appeared at the October 31, 2017 hearing individually or by counsel. However, Trustee, and counsel for the Trustee, STLCARD, GNVZ, LC, Victoria Zadeh and Jay Steinberg, BankUnited, Mark D. Pasewark, and the Law Office of Mark D. Pasewark, LLC did appear at that hearing, as well as Mr. Pasewark himself and the Debtor herself. In addition, counsel for the OUST appeared at that hearing.

21. On October 31, 2017, the Court heard additional argument in support of the Motion from Trustee, Counsel for the Trustee, the Debtor, and STLCARD and additional

argument in opposition to the Motion from Mark D. Pasewark on his own behalf and on behalf of the Law Office of Mark D. Pasewark, LLC.

22. After due consideration, the Court has determined it is in the best interest of the estate and all parties concerned for the Court to authorize and approve the Amended Settlement Agreement.

23. To that end, the Court finds that the Trustee engaged in over a year of extensive due diligence prior to the negotiation and execution of the original Settlement Agreement and the Amended Settlement Agreement. Moreover, the Trustee actively sought better and higher offers with regard to the various assets and matters addressed in the original Settlement Agreement and the Amended Settlement Agreement and did not receive any better and higher offers from parties with a demonstrated ability to perform prior to her determination to enter into the original Settlement Agreement.

24. Moreover, the original Settlement Agreement and the Amended Settlement Agreement contain sufficient enforcement and reporting mechanisms to protect the estate's interests in the assets addressed therein including, but not limited to, provisions continuing the deadline for the OUST and the Trustee to object to the Debtor's discharge in this matter until the Debtor completes her performance under paragraphs 3 and 4 of the Amended Settlement Agreement and contained on pages 11 through 13 of that document to resolve the Trustee's Motion to Compel Turnover (Doc. 79) and the Trustee's Second Motion to Compel Turnover (Doc. 103) and the Debtor's responses to those Motions to Compel. In addition, at the request of the Counsel for the OUST, the parties to the Settlement Agreement and the Amended Settlement Agreement clarified on the record at the October 31, 2017 hearing on the Motion that, to ensure the Debtor completes her performance under all paragraphs of the Amended Settlement

Agreement, the deadline for the OUST and the Trustee to object to the Debtor's discharge in this matter will be extended until the Trustee files a notice of the Debtor's completion of performance with the Court.

25. As a result, the original Settlement Agreement, and now the Amended Settlement Agreement that has superseded that original, represent the Trustee's reasonable business judgment after more than adequate investigation and due diligence.

26. The Court notes for the record the efforts made by the parties to the Amended Settlement Agreement and their counsel to resolve this matter. They have continually worked to reach a consensual resolution of this matter generally, and the Objections specifically, with as many creditors and parties in interest as possible, notwithstanding the postures of certain parties to this matter that appear to be motivated not by a genuine concern for fairness and the best interests of all creditors and the bankruptcy estate, but rather by self-interest and personal hostility to the Debtor regardless of the assets available for recovery in this estate. On that basis, the Court cannot sustain the remaining Objections as they are not well-founded in fact or law, but rather in acrimony.

27. The Amended Settlement Agreement represents a fully negotiated settlement between its parties as to the bankruptcy estate's interests in the assets listed above and will avoid the necessity of costly and time-consuming litigation.

28. The Amended Settlement Agreement is without prejudice to any of the parties' positions on, and is wholly independent of any other settlement or proceeding concerning, any other property which Trustee Conwell may seek to recover for the bankruptcy estate.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that all of the Objections to the Motion and/or the Amended Settlement Agreement, to the extent not previously resolved or withdrawn, hereby are overruled; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Amended Settlement Agreement entered into between Chapter 7 Trustee Kristin J. Conwell, Debtor Guilan Norouzi and St. Louis Center for Aesthetic & Restorative Dentistry – Guilan Norouzi, D.D.S., P.C. filed as item 161 on the Court's docket for this case is hereby approved; and it is further

**ORDERED, ADJUDGED AND DECREED** that, and the Trustee, the Debtor, and STLCARD are authorized to, execute all necessary documents and take all necessary actions to effectuate the Amended Settlement Agreement and its terms; and it is further

**ORDERED, ADJUDGED AND DECREED**, as clarification of the terms of the Amended Settlement Agreement, that the deadline/s for the Office of the United States Trustee and the Trustee to object to the Debtor's discharge in this matter hereby are continued and extended without the need for further order of this Court until such time as both (a) the Debtor completes performance under all paragraphs of the Amended Settlement Agreement and (b) the Trustee files notice of the Debtor's completion of that performance with this Court; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Trustee's Motion to Compel Turnover (Doc. 79) and the Trustee's Second Motion to Compel Turnover (Doc. 103) hereby are deemed resolved by the approval of the Motion and the Amended Settlement Agreement and any outstanding objections or responses to those Motions to Compel hereby are denied as moot.

DATED:  November 21, 2017
St. Louis, Missouri 63102
mtc

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

{14711/00000/2099078.DOC.}            - 8 -

Order submitted by:

| | |
|---|---|
| E. Rebecca Case - EDMO #38010MO, MO #38010 | Bonnie L. Clair, ED #41696 |
| Stone, Leyton & Gershman, | Summers Compton Wells LLC |
| A Professional Corporation | 8909 Ladue Road |
| 7733 Forsyth Boulevard, Suite 500 | St. Louis, MO  63124 |
| St. Louis, Missouri  63105 | (314) 991-4999 |
| (314) 721-7011 | (314) 991-2413 Facsimile |
| (314) 721-8660 Facsimile | blcattymo@summerscomptonwells.com (ECF only) |
| erc@stoneleyton.com | bclair@scw.law (Correspondence) |

Copies mailed or provided to the following:

1. Guilan Norouzi — Debtor
   1 Chasselle Lane
   St. Louis, Missouri  63141

2. Robert E. Eggmann — Attorneys for Debtor
   Danielle A. Suberi
   Carmody MacDonald P.C.
   120 S. Central Ave., Suite 1800
   St. Louis, Missouri  63105

3. Office of the United States Trustee
   Thomas F. Eagleton Courthouse
   111 South Tenth Street, Suite 6353
   St. Louis, Missouri  63102

4. Gregory F. Hoffmann — Attorney for GNVZ, LC,
   Millar, Schaefer, Hoffmann & Robertson — a Missouri limited liability company
   230 S. Bemiston, Suite 1110
   Clayton, Missouri  63105

5. David J. Cook — Attorney for Creditor Align
   Cook Collection Attorneys — Technology, Inc.
   A Professional Law Corporation
   165 Fell Street
   San Francisco, California  94102-5106

6. Align Technology Inc. — Creditor
   2560 Orchard Parkway
   San Jose, California  95131
   Attn:  Alberto Chavez Barrantes

7. Peter D. Kerth — Attorneys for Creditor BankUnited, N.A.
   Michael Stephens
   Jenkins & Kling, P.C.

       150 N. Meramec Avenue, Suite 400
       St. Louis, Missouri  63105

8.   Mark D. Pasewark                     Attorney for Creditor Mark D. Pasewark
     Law Office of Mark D. Pasewark, LLC
     711 Old Ballas Road, Suite 204
     St. Louis, Missouri  63141

9.   Joel A. Kunin                            Attorneys for Creditor Enterprise Bank
     Goldenberg Heller & Antognoli, P.C.      & Trust
     P.O. Box 959
     2227 South State Route 157
     Edwardsville, Illinois  62025

10.   Vincent D. Vogler, Jr.                Attorneys for Creditors GNVZ, LLC,
     Michael A. Kasperek                 GNVZ, LC, Victoria Zadeh and
     Vogler & Associates, LLC              Jay Steinberg
     11756 Borman Drive, Suite 200
     P.O. Box 419037
     St. Louis, Missouri  63141-9037

11.   Bonnie L. Clair                        Attorneys for St. Louis Center for
     Summers Compton Wells LLC      Aesthetic & Restorative Dentistry-
     8909 Ladue Road                    Guilan Norouzi, D.D.S., P.C.
     St. Louis, Missouri  63124

12.   Kristin J. Conwell                    Chapter 7 Trustee
     Conwell Law Firm LLC
     PO Box 56550
     St. Louis, Missouri  63156

13.   E. Rebecca Case                     Attorneys for Chapter 7 Trustee
     Stone, Leyton & Gershman
     7733 Forsyth Boulevard, Suite 500
     St. Louis, Missouri  63105

14.   A. Thomas DeWoskin              A. Thomas DeWoskin/
     Danna McKitrick, P.C.               Attorneys for Danna McKitrick, P.C.
     7701 Forsyth Blvd #800
     St. Louis, MO 63105

15.   M. Brendhan Flynn                  Attorneys for Mark D. Pasewark and
     The Baldwin Law Group             Law Office of Mark D. Pasewark, LLC
     12747 Olive Boulevard, Suite 280
     St. Louis, Missouri 63141

{14711/00000/2099078.DOC.}         - 10 -